# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Special Agent Maite M. Rentas, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI). I am assigned to the Immigration Crimes Group in San Juan, Puerto Rico. As a Special Agent with HSI, I am authorized by law to investigate crimes involving violations of Title 18, Title 8, and Title 19 of the United States Code and to execute warrants issued under the authority of the United States. I have been employed as an HSI Special Agent since February 2025. Prior to my appointment as a HSI Special Agent, I was assigned in 2023, as a Special Agent with the United States Secret Service, San Juan Resident Office.

2. I successfully completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I received training in conducting criminal investigations, methods of investigation, and criminal investigations involving computers and different access devices.

3. I completed the HSI Special Agent Training Program in FLETC Charleston, South Carolina. For approximately twelve (12) weeks I was extensively trained in academic and practical applications in financial crimes, drug trafficking, weapons, human trafficking, child exploitation, document and identity fraud, immigration and other offenses.

4. I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. As a Special Agent, I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law

enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

5. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all my knowledge about this matter.

6. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of Title 8 U.S.C. 1326(a) and (b)(2) (b) – *Reentry of removed alien after an aggravated felony conviction* has been committed by Jose MELO-CEDENO ("MELO-CEDENO").

## **PROBABLE CAUSE**

7. On November 12, 2025, Homeland Security Investigations (HSI) Special Agents (SAs) and Enforcement and Removal Operations (ERO) officers, encountered MELO-CEDENO in the area of Puerto Nuevo in San Juan, Puerto Rico ("PR").

8. HSI SAs and ERO officers observed a silver Toyota Tacoma and conducted a database check from the vehicle license plate. The results showed that the Toyota Tacoma was registered to another individual, that does not have legal status in the United States.

9. HSI SAs observed that the Toyota Tacoma parked on Calle 30 SE, San Juan, PR. HSI SAs approached MELO-CEDENO after he came out of the car on his own accord. MELO-CEDENO admitted to the SAs that he did not have proper documentation to be or to remain in the United States.

10. MELO-CEDENO was detained and transported to the ERO office in Guaynabo, PR, for further immigration checks.

11. Subsequently, HSI SAs conducted an immigration inspection on MELO-CEDENO to determine his admissibility, and it was determined that MELO-CEDENO was not in possession of a valid unexpired

immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to be enter, pass through, or remain in the United States. HSI SAs determined that MELO-CEDENO is inadmissible to the United States.

12. In addition, MELO-CEDENO has not requested or obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States.

Criminal record checks revealed the following:

13. Criminal record checks revealed the following:

    a. On or about February 8, 1995, MELO-CEDENO was charged with possessing with intent to distribute and importing cocaine in violation of Title 21 U.S.C. 841(a)(1) in the Judicial District of Puerto Rico, case number: 95-37. MELO-CEDENO was sentenced to six (6) months of imprisonment and three (3) years of supervised release.

14. Further immigration checks revealed the following:

    a. On or about February 21, 1996, MELO-CEDENO was encountered while incarcerated at the Metropolitan Detention Center in Guaynabo, PR. MELO-CEDENO was convicted for possessing with intent to distribute and importing cocaine, in violation to Title 21 U.S.C. 841 (a)(1), which is an aggravated felony offense.

    b. On March 5, 1996, a Warrant of Deportation was issued to MELO-CEDENO. On March 7, 1996, MELO-CEDENO was removed from the United States to the Dominican Republic through San Juan, PR after his conviction for possessing with intent to distribute and importing cocaine in violation to Title 21 U.S.C. 841 (a)(1), an aggravated felony offense.

  c. At a later date, MELO-CEDENO was encountered again in the United States and on July 12, 1999, was ordered removed from the United States by an immigration judge. On July 20, 1999, MELO-CEDENO was removed from the United States through San Juan, PR to the Dominican Republic.

## CONCLUSION

15. Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that MELO-CEDENO reentered the United States after being convicted of an aggravated felony offense resulting in violation of 8 U.S.C. 1326(a) and (b)(2) Reentry of removed alien subsequent to an aggravated felony conviction.

Respectfully submitted,

_____
Maite M. Rentas Ramos
Special Agent
Homeland Security Investigations

Sworn by telephone pursuant to the requirements of Federal Rules Procedures 4.1 on this  14th   day of November 2025, at 7:44pm.

_____
Hon. Mariana E. Bauza Almonte
United States Magistrate Judge
District of Puerto Rico